**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLIE SOUZA | § | |
| | § | |
| V | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-3331** |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |

# EXHIBIT A - INDEX OF MATTERS FILED

**TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:**

1.   ALL EXECUTED PROCESS

   A-1   *Process Requests*

2.   PLEADINGS THAT ASSERT CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS

   A-2   *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*

   A-3   *Defendants' Original Answer and Request for Disclosures*

3.   NOTICE OF NON-SUITS

   A-4   *Notice of Non-Suit Without Prejudice*

4.   DOCKET SHEET

   A-5   *Civil Docket Sheet*

5.   LIST OF ALL COUNSEL OF RECORD

   A-6   *List of Parties and Respective Counsel of Record*

EXHIBIT A - INDEX OF MATTERS FILED

EXHIBIT A

Filed
3/14/2019 10:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso



**BEVERLEY MCGREW WALKER**
**Fort Bend County District Clerk**
**301 Jackson, Richmond, TX 77469**

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
**All sections <u>must</u> be completed for processing this request.**

---

**Section 1:**
Cause No. **19-DCV-260548**          Fort Bend County - 268th Judicial District Court

STYLE: __Charlie Souza__          VS __United Property & Casualty Insurance Company and Todd Taylor__

---

**Section 2:**
## Check Process Type:
☑ Citation                              ☐ Precept to Serve / Notice of Hearing

☐ Citation by Posting               ☐ Citation by Commissioner of Insurance

☐ Temporary Restraining Order   ☐ Notice of Registration of Foreign Judgment

☐ Citation by Secretary of State   ☐ Writ of _____

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Citation by Publication*:
  ☐ **Daily:** Fort Bend Herald      ☐ **Once a Week:** Fort Bend Independent
  ☐ **Other:** _____
  * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
☐ Other _____

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A**
**SUBPOENA APPLICATION FORM**

---

**Section 3:**
**Title of Document/Pleading to be attached for service:** Plaintiff's Original Petition and

Plaintiff's First Set of Written Discovery to United Property & Casualty Insurance Company and

Plaintiff's First Set of Written Discovery to Todd Taylor

---

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: __United Property & Casualty Insurance Company__

   Address: __CT Corporation System 1999 Bryan Street, Suite 900__

   City: __Dallas__          State: Texas          Zip: __75201-3136__

2. Name: __Todd Tayolr__

   Address: __2613 Avenue A__

   City: __Dickinson__          State: Texas          Zip: __77539__

1 of 2



EXHIBIT A-1

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

5. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type – Additional Fees Apply:

[✓] Picked up and served by a representative at LDM Process Servers

**Please also email to dbullock@cwilsonlaw.com \*\***

\* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

Please Note: Our office will use the e-Service email address registered with the Texas State Bar.

## Attorney Name: Chad T. Wilson

## Address: 455 East Medical Center Boulevard, Suite 555
<span>Street/P.O. Box</span>

Webster                              Texas                              77598
<span>City</span>                   <span>State</span>              <span>Zip</span>

Telephone No. (832) 415-1432    Bar No. 24079587

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

## Pro-Se Name:_____

## Address:_____
<span>Street/P.O. Box</span>

_____ _____ _____
<span>City</span>                   <span>State</span>              <span>Zip</span>

Telephone No._____ Email Address _____

## Pro-se Service Only:

[ ] e-Service\*      [ ] Mail to Pro-se Party\*      [ ] Hold for Pick up

*\*Service will be mailed/emailed directly to pro-se party requesting issuance.*

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.

This 4 day of September 20 19

BEVERLEY MCGREW WALKER

By_____ Deputy

VANESSA VASQUEZ

**SERVICE FEE NOT COLLECTED
  BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO:    **TODD TAYLOR
       2613 AVENUE A
       DICKINSON TX  77539**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** filed on **March 14, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548**  and is styled:

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER TX  77598
832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

          **DISTRICT CLERK BEVERLEY MCGREW WALKER
          FORT BEND COUNTY, TEXAS**
          Physical Address:
          1422 Eugene Heimann Circle, Room 31004
          Richmond, Texas 77469
          Mailing Address:
          301 Jackson
          Richmond, Texas 77469

          By: _Erica Rodriguez_
          Deputy District Clerk **ERICA RODRIGUEZ**
          Telephone: **(281) 633-7612**

**ORIGINAL**

19-DCV-260548                              **268th Judicial District Court**
**Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Todd Taylor on 3/15/2019.



## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK   THE STATE OF TEXAS

### CITATION

TO:   TODD TAYLOR
      2613 AVENUE A
      DICKINSON TX  77539

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** filed on **March 14, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548**  and is styled:

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

                                **DISTRICT CLERK BEVERLEY MCGREW WALKER**
                                **FORT BEND COUNTY, TEXAS**
                                <u>Physical Address:</u>
                                1422 Eugene Heimann Circle, Room 31004
                                Richmond, Texas 77469
                                <u>Mailing Address:</u>
                                301 Jackson
                                Richmond, Texas 77469

                                By: *Erica Rodriguez*
                                Deputy District Clerk **ERICA RODRIGUEZ**
                                Telephone: **(281) 633-7612**



**SERVICE**

19-DCV-260548                                      268th Judicial District Court
Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This ___4___ day of _September_ 20__19__

BEVERLEY MCGREW WALKER
By_____Deputy
VANESSA VASQUEZ

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**
**C/O CT CORPORATION INSURANCE COMPANY**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** filed on **March 14, 2019,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548**  and is styled:

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: *Erica Rodriguez*
Deputy District Clerk **ERICA RODRIGUEZ**
Telephone: **(281) 633-7612**

**ORIGINAL**

19-DCV-260548                                    268th Judicial District Court
Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____
　　　　Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
　　　　　　　　　　　(First, Middle, Last)

my date of birth is_____, and my address is _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to United Property & Casualty Insurance Company on 3/15/2019.



SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK   THE STATE OF TEXAS

CITATION

TO:   UNITED PROPERTY & CASUALTY INSURANCE COMPANY
      C/O CT CORPORATION INSURANCE COMPANY
      1999 BRYAN STREET SUITE 900
      DALLAS TX  75201-3136

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** filed on **March 14, 2019**, a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548**  and is styled:

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

> **DISTRICT CLERK BEVERLEY MCGREW WALKER**
> **FORT BEND COUNTY, TEXAS**
> Physical Address:
> 1422 Eugene Heimann Circle, Room 31004
> Richmond, Texas 77469
> Mailing Address:
> 301 Jackson
> Richmond, Texas 77469
>
> By: _Erica Rodriguez_
> Deputy District Clerk ERICA RODRIGUEZ
> Telephone: **(281) 633-7612**

SERVICE

19-DCV-260548                                    **268th Judicial District Court**
**Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                   (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                         (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas.
This 4 day of September 20 19

BEVERLEY MCGREW WALKER
By_____Deputy

VANESSA VASQUEZ

Filed
3/20/2019 4:17 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

TO:   **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**
**C/O CT CORPORATION INSURANCE COMPANY**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** filed on **March 14, 2019**, a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548** and is styled:

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX 77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: *Erica Rodriguez*
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612

**ORIGINAL**

19-DCV-260548                                         268th Judicial District Court
Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor

**OFFICER'S OR AUTHORIZED PERSON'S RETURN**

Came to hand on the _19th_ day of _March_ , 20_19_, at _10:00_ o'clock _A_ M.
Executed at _1999 Bryan St #900, Dallas, Tx 75201_ , within the County of _Dallas_
_____ , at _2:37_ o'clock _P_ M* on the _19th_ day of
_March_ ; 20_19_, by delivering to the within named _United Property & Casualty Insurance_
_Company b/s Reg Agent CT Corp System through_  _Kim Hightower_ in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_Heather Bork_
Name of Officer or Authorized Person

_Dallas_ _____ County, Texas

By: _Heather Bork PSC #8133_
Signature of Deputy or Authorized Person _Exp 2/28/20_

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Heather Lenore Bork_ _____
                (First, Middle, Last)

my date of birth is _5/24/78_ , and my address is _5930 LBJ Fwy #307, Dallas TX_
                                                    (Street, City, Zip)              _75240_

_____ "

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Dallas_ _____ County, State of _TX_ _____ , on the _19th_
day of _March_ _____ .

_Heather Bork_
Declarant / Authorized Process Server

_PSC #8133  Exp 2/28/20_
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to United Property & Casualty Insurance Company on 3/15/2019.

ation
nt 1-1   Filed on 09/04/19 in TXSD   Page 14 of 58

Filed
3/21/2019 6:17 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK

### THE STATE OF TEXAS

### CITATION

TO:   **TODD TAYLOR**
      **2613 AVENUE A**
      **DICKINSON TX 77539**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** filed on **March 14, 2019**, a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-260548** and is styled;

**CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR**

The name and address of the attorney for **PLAINTIFF** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX 77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE; PLAINTIFF'S FIRST WRITTEN DISCOVERY TO DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY; PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT TODD TAYLOR** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 15th day of March, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson
Richmond, Texas 77469

By: _Erica Rodriguez_
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612



**ORIGINAL**

19-DCV-260548                                          268th Judicial District Court
Charlie Souza V. United Property & Casualty Insurance Company and Todd Taylor

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the __18th__ day of __MARCH_____, 20__19__, at __1:30__ o'clock __A__ .M.
Executed at __2613 AVENUE A DICKENSON TX 77539__, within the County of ____
__GALVESTON_____, at __6:30__ o'clock __P__ M* on the __20TH__ day of __
MARCH_____, 20__19__, by delivering to the within named __TODD TAYLOR_____
_____, in person, a true copy of this citation together
with the accompanying copy of the petition, having first attached such copy of such petition to such copy
of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

                                   __Augustine Ezemba__
                                   Name of Officer or Authorized Person

                                   __Harris_____ County, Texas

                              By: __Ezemba__
                                   Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

___

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

*My name is __Augustine  Ezemba_____
                        (First, Middle, Last)

my date of birth is __05/27/1976__, and my address is __6922 Addicks Clodine RD__
__Houston  TX  77083__                                           (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in __GALVESTON_____ County, State of __TEXAS_____, on the

day of __MARCH 20, 2019__

                                   __Augustine Ezemba__
                                   Declarant / Authorized Process Server

                                   __PSC# 14730  Exp. 04/30/2020.__
                                   (Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Todd Taylor on 3/15/2019.

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas

This __4__ day of __September__ 20 __19__

                    BEVERLEY MCGREW WALKER

By _____, Deputy

VANESSA VASQUEZ

Filed
3/14/2019 10:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. _19-DCV-260548_

| | | |
|---|---|---|
| CHARLIE SOUZA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY INSURANCE | § | |
| COMPANY AND TODD TAYLOR, | § | Fort Bend County - 268th Judicial District Court |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Charlie Souza, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("United Property") and Todd Taylor ("Taylor") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.      Plaintiff, Charlie Souza, resides in Fort Bend County, Texas.

3.      Defendant, United Property & Casualty Insurance Company, is a Florida insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its registered agent for service:  **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiff requests service at this time.

4.      Defendant Todd Taylor is an individual resident of Dickinson, Texas.  Taylor may be served



EXHIBIT A-2

with citation at the address listed with the Texas Department of Insurance: **2613 Avenue A, Dickinson, Texas 77539**. Plaintiff requests service at this time.

## JURISDICTION

5.      The Court has jurisdiction over United Property because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of United Property's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Taylor because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.      Plaintiff owns a United Property & Casualty Insurance Company homeowner's insurance policy, number 43100076570900 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 21507 Cedar Cove Drive Katy, Texas 77450 ("the Property").

2



10.     United Property or its agent sold the Policy, insuring the Property, to Plaintiff. United Property or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. United Property has refused the full extent of that coverage currently owed to Plaintiff.

11.     On or about January 11, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Katy, Texas area.

12.     In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to United Property against the Policy for damage to the Property. United Property assigned claim number 2018TX020378 to Plaintiff's claim.

13.     Plaintiff asked United Property to cover the cost of damage to the Property pursuant to the Policy.

14.     Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: Living room and closet.

15.     United Property assigned or hired Taylor to adjust the claim.

        a. Taylor had a vested interest in undervaluing the claims assigned to him by United Property in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Taylor. The valuation of damages that were included in Taylor's report compared to Plaintiff's Third-Party Adjuster's is also

3



evidence of fraud on the part of Taylor.

b. Furthermore, Taylor was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Taylor had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Taylor made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

d. Taylor made further misrepresentations to Plaintiff during his inspection. Taylor used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.   United Property, through its agents, namely Taylor, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.   The initial adjustment of the claim occurred on or around February 8, 2018. Taylor found that there was no damage from a covered peril to the roof of the property.

18.   After application of the policy deductible, Plaintiff was left without adequate recovery to

4



complete proper repairs on Plaintiff's home

19.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $68,385.11.

20.    Since due demand was made on November 19, 2018, United Property has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.    As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, United Property failed to provide full coverage due under the Policy.

22.    As a result of United Property's failure to provide full coverage, along with United Property's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.    United Property failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, United Property refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance

5



Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between United Property and Plaintiff.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, United Property, through its agents, servants, and representatives, namely Taylor, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

6



29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt
        Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations
        under the Texas Insurance Code regarding timely payment of the claim.   Specifically,
        Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff
        has not received full payment for the claim.

30.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional
        services of the attorneys and law firm representing them with respect to these causes of
        action.

## COUNT 1 - BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     United Property is liable to Plaintiff for intentional violations of the Texas Insurance Code,
        and intentional breach of the common-law duty of good faith and fair dealing.  It follows,
        then, that the breach of the statutory duties constitutes the foundation of an intentional
        breach of the insurance contract between United Property and Plaintiff.

33.     United Property's failure and/or refusal to pay adequate coverage as obligated under the
        terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the
        insurance contract with Plaintiff.

## COUNT 2 – VIOLATION OF THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

7



35.  United Property's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36.  United Property's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37.  United Property's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38.  United Property's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.  United Property's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40.  United Property's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

8



**COUNT 3 – VIOLATIONS OF THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

41.     All allegations above are incorporated herein.

42.     United Property's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     United Property's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     United Property's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

**COUNT 4 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45.     All allegations above are incorporated herein.

46.     United Property's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     United Property's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, United Property knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**COUNT 5 - DTPA VIOLATIONS**

48.     All allegations above are incorporated herein.

9



49.   United Property's conduct constitutes multiple violations of the Texas Deceptive Trade

Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods

and services provided by United Property pursuant to the DTPA.  Plaintiff has met all

conditions precedent to bringing this cause of action against United Property.  Specifically,

United Property's violations of the DTPA include, without limitation, the following

matters:

A.   By its acts, omissions, failures, and conduct, United Property has violated sections

17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.   United Property's

violations include without limitation, (1) unreasonable delays in the investigation,

adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the

benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's

property when liability has become reasonably clear, which gives Plaintiff the right

to recover under section 17.46(b)(2).

B.   United Property represented to Plaintiff that the Policy and United Property's

adjusting, and investigative services had characteristics or benefits that they did

not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of

the DTPA.

C.   United Property also represented to Plaintiff that the Policy and United Property's

adjusting services were of a particular standard, quality, or grade when they were

of another, in violation of section 17.46(b)(7) of the DTPA.

10



D.     Furthermore, United Property advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     United Property breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.     United Property's actions are unconscionable in that United Property took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  United Property's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.     United Property's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.     Each of the above-described acts, omissions, and failures of United Property is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

<div align="center"><strong>COUNT 6 - FRAUD</strong></div>

51.     All allegations above are incorporated herein.

52.     United Property is liable to Plaintiff for common-law fraud.

<div align="center">11</div>



53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and United Property knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. United Property made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT TODD TAYLOR

### VIOLATIONS OF THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56. Taylor's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57. Taylor is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of United Property, because Taylor is a "person," as defined by TEX. INS. CODE §541.002(2).

58. Taylor knowingly underestimated the amount of damage to the Property. As such, Taylor failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

59. Furthermore, Taylor did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).



60.     Taylor's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.     Taylor's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

62.     All allegations above are incorporated herein.

63.     Taylor's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Taylor pursuant to the DTPA.   Plaintiff has met all conditions precedent to bringing this cause of action against Taylor. Specifically, Taylor's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Taylor has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Taylor's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

13



B.  Taylor represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Taylor represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Taylor's actions are unconscionable in that Taylor took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Taylor's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.  Taylor's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.  Each of Taylor's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Taylor, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

<div align="center">

**FRAUD**

</div>

65.  All allegations above are incorporated herein.

66.  United Property assigned or hired Taylor to adjust the claim.

a.  Taylor had a vested interest in undervaluing the claims assigned to him by United

<div align="center">

14

</div>



Property in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Taylor. The valuation of damages that were included in Taylor's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Taylor.

b.  Furthermore, Taylor was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Taylor had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Taylor made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d.  Taylor made further misrepresentations to Plaintiff during his inspection. Taylor used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

### NEGLIGENCE

67.    All allegations above are incorporated herein.

15



68. Taylor was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a. Failure to conduct a reasonable inspection;

   b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Taylor's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Taylor was an agent or employee of Defendant United Property.

71. Taylor's unreasonable inspection was performed within the course and scope of his duties with Defendant United Property. Therefore, United Property is also liable for the negligence of Taylor through the doctrine of respondeat superior.

**GROSS NEGLIGENCE**

72. All allegations above are incorporated herein.

73. Taylor's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

16



   a. Taylor's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

   b. Taylor had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.   Taylor intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of United Property. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

<div align="center"><strong>KNOWLEDGE</strong></div>

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

<div align="center"><strong>WAIVER AND ESTOPPEL</strong></div>

76.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

<div align="center">17</div>



## DAMAGES

77.    Since the claim was made, United Property has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

79.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.    The damage to Plaintiff's Property is currently estimated at $68,385.11.

82.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed

18



pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.     For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money United Property owed, and exemplary damages.

85.     Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.



86.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.   As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.



**JURY DEMAND**

90.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, United Property & Casualty Insurance Company and Todd

Taylor, be cited and served to appear, and that upon trial hereof, Plaintiff,  Charlie Souza, has and

recovers from Defendants, United Property & Casualty Insurance Company and Todd Taylor, such

sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and

procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and

Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may

be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

judgment interest as allowed by law; and for any other and further relief, at law or in equity, to

which Plaintiff, Charlie Souza, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555

21



Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

22

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas.

This ___4___ day of _September_ 20__ 19

BEVERLEY MCGREW WALKER

By_____Deputy

VANESSA VASQUEZ

Filed
4/15/2019 9:31 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO.  19-DCV-260548

| | | |
|---|---|---|
| CHARLIE SOUZA | § | IN THE DISTRICT COURT |
| | § | |
| V | § | |
| | § | 268TH JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and TODD | § | FORT BEND COUNTY, TEXAS |
| TAYLOR | | |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** and **TODD TAYLOR** (collectively referred to herein as "Defendants"), and file this, their Original Answer to Plaintiff's Original Petition, and by way of answer and defense would respectfully show unto the Court as follows:

## I.
## PLEA IN ABATEMENT

1.1.     In Plaintiff's Original Petition, Plaintiff alleges claims under the Texas Insurance Code.  Under Chapter 541 of the Texas Insurance Code, however, as a prerequisite to bringing any action for damages, a complaining party must give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiff's pre-suit notice must meet specific requirements set forth in the statute and provide Defendants sixty (60) days to respond prior to bringing any suit.  *See* TEX. INS. CODE §541.154.  Specifically, section 541.154 (entitled "Prior Notice of Action") provides:

(a) A person seeking damages in an action against another person under this subchapter ***must*** provide written notice to the other person not later than the 61st day before the date the action is filed. [emphasis added].

(b) The notice must advise the other person of:



EXHIBIT A-3

(1) the specific complaint; and

(2) the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person.

(c) The notice is not required if giving notice is impracticable because the action:

(1) must be filed to prevent the statute of limitations from expiring; or

(2) is asserted as a counterclaim.

1.2.    Importantly, Plaintiff has failed to timely comply with the statutorily mandated conditions in order to obtain any relief under the statute and did not furnish Defendants with the requisite notice required by section 541.154 of the Texas Insurance Code.  Because Plaintiff failed to timely provide the requisite notice required by section 541.154, by operation of section 541.155 of the Texas Insurance Code, this case is automatically abated as a matter of law, and should be abated until the 61st day after Defendants receive proper notice.  Accordingly, pursuant to section 541.155, Defendants move to abate this lawsuit until the sixtieth (60th) day after the date the requisite notice is provided.  In the alternative, Defendants move to dismiss Plaintiff's statutory causes of action for failure to give timely notice. *See Miller v. Kossey*, 802 S.W.2d 873, 877 (Tex. App.—Amarillo 1991, writ denied).  Subject to and without waiver of the plea in abatement, Defendants respond to Plaintiff's Original Petition as follows:

## II.
## SPECIAL EXCEPTIONS

**A.    FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – BREACH OF CONTRACT**

2.1.    Defendants specially except to Plaintiff's Original Petition because Plaintiff's breach of contract claim fails to:  (1) provide fair notice of facts of the loss or losses allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss or losses were covered under the terms of the subject insurance policy; and (3) provide fair notice of the acts and/or omissions by Defendants that allegedly amount to a breach of Defendants'



contractual obligations, if any, to Plaintiff. *Subia v. Texas Dept of Human Serv.*, 750 S.W.2d 827, 829 (Tex. App.—El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which was originally pleaded in general terms). As such, Plaintiff should be required to amend his claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the subject insurance policy; (3) facts of the acts and/or omissions by Defendants that allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for Defendants' alleged breach of contract.

**B.      FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – BREACH OF CONTRACT**

2.2.    Defendants specially except to Plaintiff's Original Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred. Accordingly, Plaintiff should be required to file an amended pleading to set forth the date the alleged breach of contract occurred.

**C.      FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

2.3.    Defendants specially except to Plaintiff's Original Petition because Plaintiff fails to specify the maximum amount of damages sought for Defendants' alleged breach of the duty of good faith and fair dealing against them. *See* TEX. R. CIV. P. 47. As a result, Plaintiff should be required to file an amended pleading identifying (1) all specific common law and/or statutory damages and civil penalties requested by Plaintiff; and (2) the maximum amount of damages sought by Plaintiff for Defendants' alleged breach of the duty of good faith and fair dealing.

**D.      FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – CHAPTER 541 OF THE TEXAS INSURANCE CODE**



2.4.    Defendants specially except to Plaintiff's Original Petition because Plaintiff sets forth vague and indefinite claims regarding Defendants' alleged violations of Chapter 541 of the Texas Insurance Code.  Specifically, Plaintiff has failed to provide timely notice of his intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff fails to give Defendants fair notice of the facts and circumstances supporting the alleged Insurance Code violations.  *Subta v. Texas Dept. of Human Services*, 750 S.W.2d 827, 829 (Tex. App.—El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading which sets forth facts to support Plaintiff's claims for Defendants' alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

**E.      FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – CHAPTER 542 OF THE TEXAS INSURANCE CODE**

2.5.    Defendants specially except to Plaintiff's Original Petition because Plaintiff sets forth vague and indefinite claims regarding Defendants' alleged violations of Section 542.060 of the Texas Insurance Code.  Moreover, Plaintiff fails to give Defendants fair notice of the facts and circumstances supporting the alleged Insurance Code violations.  *Subta*, 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading that sets forth facts to support Plaintiff's claims for Defendants' alleged violations of Section 542.060 of the Texas Insurance Code, as well as damages related thereto.

**F.      FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – PLAINTIFF'S CLAIMS FOR KNOWING AND/OR INTENTIONAL CONDUCT**

2.6.    Defendants specially except to Plaintiff's Original Petition because Plaintiff fails to provide facts to support the allegation that Defendants acted wrongfully with knowledge and



intent to cause harm. Pleading sufficient facts is necessary to inform Defendants of what it is called upon to answer and to enable it to prepare its defenses. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

**G.     FAILURE TO SET FORTH SPECIFIC CLAIMS/FACTS – PLAINTIFF'S CLAIMS OF FRAUD**

2.7.     Defendants specially except to Plaintiff's Original Petition because there are no facts plead to support Plaintiff's claims for fraud. Plaintiff fails to plead the necessary elements of such causes of action, namely (1) what Defendants misrepresented; and (2) how Plaintiff relied on such misrepresentation(s) and/or how Plaintiff was induced in some manner to act as the result of such misrepresentations. Accordingly, Plaintiff's Original Petition fails to give fair notice of the claim. Additionally, Plaintiff fails to identify the maximum amount of damages he seeks for fraud.

**III.**
**GENERAL DENIAL**

3.1.     Subject to such stipulations as may hereafter be made, Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully requests that Plaintiff be required to prove his charges and allegations against Defendants by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**IV.**
**DEFENSES AND OTHER MATTERS**

**A.     POLICY COVERAGE PROVISIONS**

4.1.     Without waiving the foregoing general denial, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that under the subject insurance



policy, Plaintiff bears the burden of proving damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the applicable policy period.

**B.      OFFSET/CREDIT IN AMOUNT OF DEDUCTIBLE**

4.2.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that it is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's applicable deductible of the subject insurance policy.

**C.      CONTRACTUAL LIMITATION ON LIABILITY**

4.3.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants assert that liability is limited by the contractual liability limitation contained in the subject insurance policy.

**D.      CONTRACTUAL EXCLUSION REGARDING WINDSTORM, HURRICANE, AND HAIL**

4.4.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the contractual exclusion regarding windstorm, hurricane, and hail in the subject insurance policy. The applicable exclusion states as follows:

**SECTION I – PERILS INSURED AGAINST**

a.   **Coverage A – Dwelling And Coverage B – Other Structures**

1.   We insure against direct physical loss to property described in Coverages **A** and **B**.

2.   We do not insure, however, for loss:

c. Caused by:



(5) Mold, fungus or wet rot.  However, we do insure for loss caused by mold, fungus or wet rot that is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure if such loss results from the accidental discharge or overflow of water or steam from within.

    (a) A plumbing, heating, air conditioning or automatic fire protective sprinkler system, or a household appliance, on the "residence premises"; or

    (b) A storm drain, or water, steam or sewer pipes, off the "residence premises".

For purposes of this provision, a plumbing system or household appliance does not include a sump pump or related equipment or a roof drain, gutter, downspout or similar fixtures or equipment; or

\*\*\*

**b.  Coverage C – Personal Property**

We insure for direct physical loss to the property described in Coverage **C** caused by any of the following perils unless the loss is excluded in Section **I** – Exclusions.

\*\*\*

**2.  Windstorm Or Hail.**

\*\*\*

This peril does not include loss to the property contained in a building caused by rain, snow, sleet, sand or dust unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

**E.   CONTRACTUAL EXCLUSION REGARDING EARTH MOVEMENT**

4.5.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the contractual exclusion regarding Earth movement in the subject insurance policy.  The applicable exclusion states as follows:

**SECTION I – EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing



concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects of a substantial area.

<div align="center">***</div>

**2. Earth Movement.**

Earth Movement means:

**a.** Earthquake, including land shock waves or tremors before, during or after a volcanic eruption.

**b.** Landslide, mudslide or mudflow;

**c.** Subsidence or sinkhole; or

**d.** Any other earth movement including earth sinking, rising or shifting;

This Exclusion **A.2.** applies regardless of whether any of the above, in **A.2.a.** through **A.2.d.**, is caused by an act of nature or is otherwise caused.

**F.**     <u>CONTRACTUAL EXCLUSION REGARDING WATER DAMAGE</u>

4.6.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the contractual exclusion regarding water damage in the subject insurance policy. The applicable exclusion states as follows:

**SECTION I – EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects of a substantial area.

<div align="center">***</div>

**3. Water.**

This means:

**a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, including storm surge;



    **b.** Water which:

        **(1)** Backs up through sewers or drains; or

        **(2)** Overflows or is otherwise discharged from a sump, sump pump or related equipment;

    **c.** Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

    **d.** Waterborne material carried or otherwise moved by any of the water referred to in **A.3.a.** through **A.3.c.** of this exclusion.

This Exclusion **A.3.** applies regardless of whether any of the above, in **A.3.a.** through **A.3.d.** is caused by any act of nature or is otherwise caused.

**G.**    <u>CONTRACTUAL EXCLUSION REGARDING FUNGI</u>

4.7.      Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the contractual exclusion regarding fungi in the subject insurance policy. The applicable exclusion states as follows:

**SECTION I – EXCLUSIONS**

<div align="center">***</div>

The following exclusions are added:

**10. "Fungi" Or Microbes**

    **a.** "Fungi" or microbes means the presence, growth, proliferation, spread or any activity of "fungi" or microbes.

    This exclusion also applies to the cost:

        **(1)** To remove "fungi" or microbes from property covered under Section I – Property Coverages;

        **(2)** To tear out and replace any part of the building or other covered property as needed to gain access to the "fungi" or microbes; and

<div align="center">9</div>



(3) Of testing of air or property to confirm the absence, presence or level of "fungi" or microbes.

**b.** Exclusion **10.a.** applies unless the "fungi" or microbes are located upon the portion of covered property which must be repaired or replaced because of direct physical damage resulting from sudden and accidental discharge or overflow of water which would otherwise be covered under this policy. For purposes of this exclusion, sudden and accidental shall include a loss event that is hidden or concealed for a period of time until it is detectable. A hidden loss must be reported to us no later than 30 days after the date it was detected or should have been detected.

**c.** However, the exception to the exclusion described in **10.b.** does not include:

(1) The cost to treat, contain, remove or dispose of the "fungi" or microbes beyond that which is required to repair or replace the covered property physically damaged by water;

(2) The cost of any testing of air or property to confirm the absence, presence or level of "fungi" or microbes whether performed prior to, during or after removal, repair, restoration or replacement;

(3) The cost of any decontamination of the "residence premises"; and

(4) Any increase in loss under Coverage **D** – Loss Of Use and Additional Coverage **1.** Debris Removal resulting from **c.(1), (2)** and **(3)**.

Direct loss by fire, smoke or explosion resulting from "fungi" or microbes is covered.

**H.** **CONTRACTUAL EXCLUSION REGARDING SETTLING, CRACKING, BULGING, SHRINKAGE OR EXPANSION OF SPECIFIC PROPERTY**

4.8.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the contractual exclusion regarding settling, cracking, bulging, shrinkage, or expansion of the specific property in the subject insurance policy. The applicable exclusion states as follows:

**SECTION I – PERILS INSURED AGAINST**

**A.  Coverage A – Dwelling And Coverage B – Other Structures**



1. We insure against direct physical loss to property described in Coverages A and B.

2. We do not insure, however, for loss:

<div align="center">***</div>

   b. Involving collapse, including any of the following conditions of property or any part of the property:

   (1) An abrupt falling down or caving in;

   (2) Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

   (3) Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to (1) or (2) above;

<div align="center">***</div>

   c. Caused by

<div align="center">***</div>

   (6) Any of the following:

<div align="center">***</div>

   (f) Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

**I.    C̲O̲N̲T̲R̲A̲C̲T̲U̲A̲L̲ C̲O̲N̲D̲I̲T̲I̲O̲N̲ R̲E̲G̲A̲R̲D̲I̲N̲G̲ L̲O̲S̲S̲ S̲E̲T̲T̲L̲E̲M̲E̲N̲T̲**

4.9.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead the limit of liability per the Loss Settlement condition in subject insurance policy. The applicable condition states as follows:

**SECTION I – CONDITIONS**

**Loss Settlement**

<div align="center">***</div>

Covered property losses are settled as follows:

1. Property of the following types:

   a. Personal property;

b. Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings;

c. Structures that are not buildings; and

d. Grave markers, including mausoleums;

at actual cash value at the time of loss but not more than the amount required to repair or replace.

**J.    NO LIABILITY FOR DAMAGES DUE TO WEAR AND TEAR**

4.10.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that Plaintiff's damages were caused by wear, tear, deterioration, improper installation or maintenance and Defendants are not liable for any damages attributable to wear, tear, deterioration, improper installation or maintenance.

**K.    REQUIREMENT TO SEGREGATE DAMAGES**

4.11.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that Plaintiff must segregate the covered damages, if any, due to the storm that Plaintiff alleges to have caused his damages from those that existed prior to said storm.

**L.    PLAINTIFF FAILED TO MITIGATE DAMAGES**

4.12.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that the Plaintiff's alleged damages were caused in whole or in part by the Plaintiff's failure to mitigate damages.

**M.    DENIAL OF EXTRA-CONTRACTUAL DAMAGES**



4.13.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants deny any liability to Plaintiff for any and all alleged extra-contractual damages.

4.14.   By way of further defense, Defendants affirmatively plead the existence of a bona fide dispute, and a bona fide dispute precludes Plaintiff from recovering against Defendants on any extra-contractual claims.

**N.     DENIAL OF EXEMPLARY/PUNITIVE DAMAGES**

4.15.   Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants deny that Plaintiff is entitled to recover exemplary, punitive damages in this case since Defendants' conduct at all relevant times demonstrated reasonable care.   Defendants plead the limitation of punitive damages under Texas Civil Practice and Remedies Code, Chapter 41, as well as Texas Insurance Code §541.152 and 542.060.

4.16.   By way of further defense, Defendants assert that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, and violate the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.   Defendants state that the correct standard for submitting the burden of proof for punitive damages is "clear and convincing evidence."   Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.003 of the Texas Civil Practice and Remedies Code.   Lastly, Plaintiff must obtain a unanimous jury verdict regarding all questions relating to establishing punitive damages.

**O.     INTERVENING OR SUPERSEDING CAUSE**



4.17.    Without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, Defendants plead that the loss, damage and injuries alleged by the Plaintiff were proximately caused by a wholly independent, intervening, or superseding cause over which Defendants had no control.

## V.
## REQUEST FOR BIFURCATED TRIAL

5.1.    Defendants hereby request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code.  Pursuant to this section, Defendants would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

## VI.
## JURY DEMAND

6.1.    Defendants hereby demand a trial by jury. Contemporaneously with the filing of this pleading, Defendants tender the required jury fee to the clerk.

## VII.
## REQUEST FOR DISCLOSURES

7.1.    Under Texas Rule of Civil Procedure 194, Defendants requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## VIII.
## PRAYER

8.1.    **WHEREFORE, PREMISES CONSIDERED**, Defendants, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY and TODD TAYLOR,** pray this Court grant their plea in abatement in accordance with Texas Insurance Code section 541.155(c), that this Court sustain each and every one of Defendants' special exceptions to Plaintiff's



Original Petition, and that this Court enter judgment that Plaintiff take nothing by this suit against Defendants and Defendants be discharged without delay, and for such other and further relief, both general and special, at law and in equity, to which it may show justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

By:  */s/ Philip C. Snyder*
Philip C. Snyder
State Bar No. 24060630
Anna Lisa Garcia
State Bar No. 24045910
Christopher P. Schlüter
State Bar No. 24110339
E-Service: ServiceSA@roystonlaw.com
8200 I.H. 10 West, Suite 320
San Antonio, Texas 78230
Tel: (210) 524-9696; Fax: (210) 524-9811
**ATTORNEYS FOR DEFENDANT**
**UNITED PROPERTY & CAUSALTY**
**INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been forwarded to all counsel as indicated below, on this 15th day of April, 2019, as follows:

Chad T. Wilson                                              *Via Electronic Service*
Thomas J. Landry
**CHAD T WILSON LAW FIRM, PLLC**
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Email: eservice@cwilsonlaw.com
Email: cwilson@cwilsonlaw.com
Email: tlandry@cwilsonlaw.com
*Attorneys for Plaintiff*

 */s/ Philip C. Snyder*
Of Royston, Rayzor, Vickery & Williams, L.L.P.

63408:20397077.1                                    15

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 4 day of September 20 19
BEVERLEY MCGREW WALKER
By Deputy
VANESSA VASQUEZ

Filed
8/5/2019 8:58 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

CAUSE NO.19-DCV-260548

| | | |
|---|---|---|
| CHARLIE SOUZA, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| V. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR, | § | |
| | § | |
| | § | |
| *DEFENDANTS*. | § | 268th DISTRICT COURT |

---

**NOTICE OF NON-SUIT WITHOUT PREJUDICE**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Charlie Souza, ("Plaintiff") and this Notice of Non-Suit without Prejudice and respectfully request that the Court dismiss Defendant Todd Taylor without prejudice.

Plaintiff hereby gives notice to the Court and to all parties that they are taking a non-suit without prejudice as to Todd Taylor immediately upon filing of this notice. This Notice does not apply to any claims against Defendant United Property & Casualty Insurance Company.

FORT BEND COUNTY, TEXAS DISTRICT COURT OF

EXHIBIT A-4

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: _/s/ Thomas J. Landry_

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Houston, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Notice of Non-Suit without Prejudice* has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this Monday, August 5, 2019.

**Via Electronic Service:**

Philip C. Snyder
State Bar No. 24060630
Anna Lisa Garcia
State Bar No. 24045910
Royston, Rayzor, Vickery & Williams, L.L.P.
8200 I.H. 10 West, Suite 320
San Antonio, Texas 78230
Telephone: (210) 524-9696
Facsimile: (210) 524-9811
Email: ServiceSA@roystonlaw.com
Email: Philip.snyder@roystonlaw.com

ATTORNEYS FOR UNITED PROPERTY & CASUALTY INSURANCE

*/s/ Chad T. Wilson*

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County,Texas,do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 4 day of September 20 19

BEVERLEY MCGREW WALKER
By _____ Deputy
VANESSA VASQUEZ



19 – DCV – 260548
DGSH
Docket Sheet
5664828

# DOCKET

**CAUSE NO. 19-DCV-260548**

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| 268TH JUDICIAL DISTRICT COURT | CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR | CHAD T WILSON | Contract - Other | MONTH | DAY | YEAR |
| | | CHAD T WILSON LAW FIRM PLLC 455 EAST MEDICAL CENTER BLVD SUITE 555 WEBSTER TX 77598 | Contract | 03/14/2019 | | |

| STENOGRAPHER USED? | | | | | |
|---|---|---|---|---|---|
| YES | NO | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |

832-415-1432

JURY FEE: 03/14/2019

PAID BY: Plaintiff Attorney - Chad Wilson

EXHIBIT A-5

CAUSE NO. 19-DCV-260548
CHARLIE SOUZA V. UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND TODD TAYLOR

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

I, BEVERLEY McGREW WALKER, District Clerk of Fort Bend
County, Texas, do hereby certify that the foregoing
is a true, correct and full copy of the instrument
herein set out as appears of record in the District
Court of Fort Bend County, Texas.

This ___4___ day of _September_ 20 _19_

BEVERLEY McGREW WALKER

By _____ Deputy

VANESSA VASQUEZ

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLIE SOUZA | § | |
| | § | |
| V | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:19-cv-3331** |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |

## LIST OF ALL COUNSEL OF RECORD

Chad T. Wilson
Fed ID No.:
State Bar No. 24079587
Thomas J. Landry
Fed ID No.:
State Bar No. 240999161
E-mail: cwilson@cwilsonlaw.com
**CHAD WILSON LAW FIRM, PLLC**
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Tel: (832) 415-1432
Fax: (281) 940-2137
**ATTORNEY FOR PLAINTIFF, CHARLIE SOUZA**

Philip C. Snyder
State Bar No. 24060630
Fed. ID No. 891723
E-Mail:  philip.snyder@roystonlaw.com
**ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP**
8200 I.H. 10 West, Suite 320
San Antonio, Texas 78230
Tel: (210) 524-9696
Fax: (210) 524-9811
**ATTORNEY FOR DEFENDANT
UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

EXHIBIT A-6